UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IRMA GOMEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>    v.<br><br>AMSHER COLLECTION SERVICES, INC.,<br><br>          Defendant. | Case No.: 16-cv-1656<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Irma Gomez is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant AmSher Collection Services, Inc. ("AmSher") is a debt collection agency with its principal place of business located at 4524 Southlake Parkway, Suite 15 Hoover, AL 35244.

6. AmSher is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**FACTS**

7. On or about August 2, 2016, AmSher mailed a debt collection letter to Plaintiff regarding an alleged debt. Exhibit A.

8. Exhibit A lists the "Current Creditor" as "AmSher Collection Services" and the "Creditor" as "T-MOBILE. " Exhibit A.

9. Exhibit A also states:

> As an authorized agent for T-MOBILE, AmSher Collection Services is pleased to inform you that T-MOBILE has authorized us to offer you a settlement on your account 18101956. By taking advantage of this offer, you will be able to settle your account with T-MOBILE for the amount of $1,726.52. This will be a savings of $1,146.22 to you. In order to take this offer, the settlement amount must be paid in one payment and is only valid until 09/16/2016. Acceptance or rejection of this offer will not affect your right to dispute the validity of this debt or any portion thereof.

10. Upon information and belief, the alleged debt that AmSher was attempting to collect was a personal cell phone service account, used only for personal, family or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Exhibit A is the first letter that Defendant sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Exhibit A is confusing. The unsophisticated consumer would not have a clue who the current creditor is.

14. 15 U.S.C. § 1692g(a)(2) states:

(a) **Notice of debt; contents**

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— …
>
> (2) the name of the creditor to whom the debt is owed;

15. The name of the creditor must be stated in a non-confusing manner. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994) ("The key consideration is 'that the unsophisticated consumer is to be protected against confusion whatever form it takes.'"); *Blarek v. Encore Receivable Mgmt.*, 2007 U.S. Dist. LEXIS 22549 at *3, 2007 WL 984096 (E.D. Wis. Mar. 27, 2007).

16. The unsophisticated consumer would have no idea whether a payment should be made to AmSher or T-Mobile. Debts are freely assignable. If T-Mobile has sold the debt to AmSher, payment to T-Mobile would not resolve the debt and the voluntary payment doctrine may make recovering those funds impossible or impractical.

17. Plaintiff was confused by Exhibit A.

18. The unsophisticated consumer would be confused by Exhibit A.

19. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

20. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

21. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016)

3

(rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

22. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

23. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

24. The statements in Exhibit A listing the "Current Creditor" as "AmSher Collection Services" and the "Creditor" as "T-MOBILE" are confusing to the unsophisticated consumer because Exhibit A also states that "As an authorized agent for T-Mobile, AmSher Collection Services is pleased to inform you that T-MOBILE has authorized us to offer you a settlement." Exhibit A.

25. The unsophisticated consumer would be confused as to who owns the alleged debt and which creditor is owed payment.

26. Defendant failed to clearly state the "name of the creditor to whom the debt was owed," in violation of 15 U.S.C. § 1692g(a)(2).

27. Defendant's confusing statements about the current creditor violates 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between December 13, 2015 and December 13, 2016, inclusive, (f) that was not returned by the postal service.

30. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

31. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692g and 1692e.

5

32. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 13, 2016

**ADEMI & O'REILLY, LLP**

s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com

meldridge@ademilaw.com
dmorris@ademilaw.com